United States District Court
Southern District of Texas
ENTERED
October 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTEMIO REFUGIO YANEZ RESENDIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-7240 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

# MEMORANDUM OPINION AND ORDER

Artemio Refugio Yanez Resendiz ("Petitioner"), a citizen of Mexico, entered the United States without inspection on an unknown date.[1] On November 20, 2025, Petitioner was taken into immigration custody and was served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[2] Petitioner remains in immigration custody.[3]

On March 25, 2026, Petitioner filed his first petition for writ of habeas corpus. Resendiz v. Mullin, CIVIL ACTION NO. H-26-2961 (S.D. Tex. June 8, 2026) (Lake, J.). Petitioner challenged his detention based on the Immigration and Nationality Act, due process, equal protection, the

---

[1]Motion to Dismiss for Abuse of the Writ ("Respondents' MTD"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MTD, Docket Entry No. 6, p. 2; Memorandum Opinion and Order, Exhibit 1 to Respondents' MTD, Docket Entry No. 6-1, p. 1.

[3]Respondents' MTD, Docket Entry No. 6, p. 2.

Suspension Clause, the Administrative Procedure Act, and on Accardi doctrine grounds.[4] On June 8, 2026, the court entered a Memorandum Opinion and Order denying Petitioner's first habeas petition and dismissing his claims with prejudice.[5]

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1), which was filed on August 28, 2026. Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act, due process, equal protection, the Suspension Clause, the Administrative Procedure Act, and the Accardi doctrine.[6] Also pending before the court is Respondents' Motion to Dismiss (Docket Entry No. 6). Respondents argue that Petitioner's Habeas Petition should be dismissed under the abuse of the writ doctrine.[7] Petitioner has filed a response.[8]

Successive habeas petitions under 28 U.S.C. § 2241 are "subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again." Ortiz-Lopez v. Federal Bureau of Prisons, Director, 830 F.App'x 127, 131 (5th Cir. 2020). Additionally, "a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show cause and prejudice for his failure to raise the claims

---

[4]Memorandum Opinion and Order, Exhibit 1 to Respondents' MTD, Docket Entry No. 6-1, pp. 1–2.

[5]Id. at 4.

[6]Habeas Petition, Docket Entry No. 1, pp. 6–7.

[7]Respondents' MTD, Docket Entry No. 6, p. 1. Respondents have also filed a Motion to Lift Stay (Docket Entry No. 9). Respondents ask the court to lift the Stay of Transfer the court entered in its Order to Answer (Docket Entry No. 5).

[8]Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Abuse of Remedy, Docket Entry No. 8.

earlier." Id. Petitioner's Habeas Petition reasserts the same arguments that the court dismissed with prejudice when it denied his first petition.[9] Petitioner has not raised any new point of law or fact that would justify his successive filing. If Petitioner wishes to challenge the court's holding in Resendiz v. Mullin, CIVIL ACTION NO. H-26-2961 (S.D. Tex. June 8, 2026), he may file an appeal with the Fifth Circuit.

For the reasons explained above, Respondents' Motion to Dismiss (Docket Entry No. 6) and Motion to Lift Stay (Docket Entry No. 9) are **GRANTED,** and Petitioner's Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 16th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[9]Memorandum Opinion and Order, Exhibit 1 to Respondents' MTD, Docket Entry No. 6-1, pp. 1–2, 4.